GEORGE F. LEWIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5954.   Promulgated April 2, 1947.

*George A. Dickinson, Esq.,* for the petitioner.
*Sheldon Ekman, Esq.,* for the respondent.

OPINION.

TYSON, *Judge*: Petitioner contends that the agreement of September 15, 1941, was an arm's length contract, legally binding on both the parties thereto, and that without such an agreement to finance his legal education George, Jr., would not have gone to law school.

The respondent does not contend otherwise, and we may assume, *arguendo*, that such contention is correct.

Petitioner further contends that such agreement was not one for personal convenience, but a contract of business necessity in providing for the required legal training of a successor to petitioner for the continuance of the latter's law practice, particularly by one bearing the petitioner's name, and that, therefore, the expenses incurred and paid in the amount of $1,419.65 in connection therewith during 1941 constituted ordinary and necessary business expenses of petitioner, deductible under section 23 (a) of the Internal Revenue Code. Respondent contends that such expenditures were neither ordinary nor necessary expenses of petitioner's business within the meaning of section 23 (a), *supra*, but constituted purely personal expenses of a father in furthering his son's education and thus specifically were not deductible, as provided by section 24 of the code. The applicable provisions of the code are set forth in the margin.[1]

There is no question here but that the petitioner's active pursuit of the practice of the law in New York City during 1941 constituted "carrying on * * * business" within the meaning of section 23 (a) (1) (A), *supra*, and there is also no question as to petitioner having "paid" in 1941 the amount of $1,419.65 to and on behalf of his son, George, Jr., in connection with the latter's attendance at law school during 1941, pursuant to the agreement of September 15, 1941. Accordingly, the sole issue presented is whether such amount constituted "ordinary and necessary expenses" of petitioner's business within the meaning of section 23 (a) (1) (A) and thus were deductible from petitioner's gross income.

In *Deputy* v. *Du Pont* (1940), 308 U. S. 488, approving the rule laid down in *Welch* v. *Helvering*, 290 U. S. 111, that in order to be deductible the expense must be both "ordinary" and "necessary," the facts differ from those in the instant case, but the basic principles there laid down as to whether an expense is deductible in computing net income are controlling here. To be "ordinary" the expense must proximately result from and be related to the taxpayer's own busi-

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) IN GENERAL.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—

In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses; * * *

ness; and must arise from a transaction of common or frequent occurrence in the type of business in which the expense was paid or incurred. Furthermore, the deductibility of an expense does not depend upon the fact that an obligation to pay has arisen, but, rather, upon the kind of transaction out of which the obligation arose and its normalcy and necessity in the particular business in which incurred. Also, the fact that a taxpayer might derive some benefit from the transaction does not bring it within the ambit of his business.

In the instant case the petitioner's agreement of September 15, 1941, with his son, George, Jr., and the 1941 payments thereunder, were in furtherance of the personal desires of both father and son that the latter should prepare himself for subsequently engaging in the father's business of practicing law. The fact that George, Jr., would not have gone to law school unless satisfactory financial arrangements were made and the further fact that petitioner might be benefited from the arrangement by subsequently obtaining the services of his son in carrying on his law practice, do not serve to change the personal character of petitioner's expense to one within the ambit of the expense deduction allowed by the statute. While the arrangement was a nice one, certainly as to the son, and perhaps also to the father, it has not only not been shown to be either "ordinary" or "necessary" in its relation to the petitioner's business, but also, to the contrary, the petitioner himself testified that it was a unique arrangement, which, so far as he knew, was without parallel in his kind of business.

The primary facts relating to the issue presented as to the year 1941 are, that George, Jr., was not an employee in the petitioner's place of business and rendered no services whatever at any other place in connection with the petitioner's business of practicing law; that the amount of the payments made by petitioner in 1941 was based primarily on the cost of the living expenses of his son and the latter's wife and not on the value of any services rendered to petitioner's business; and that the petitioner's payments, totaling $1,419.65, on behalf of his son in 1941 had no relation to the actual operation of petitioner's business or the production of his income during 1941. The expenses in question were purely the cost of George, Jr., in following a course of study so as to place himself in a position to practice law at a future time, and at such future time to render service to petitioner at a stipulated compensation for at least twelve months.

The authorities relied upon by petitioner are not apposite here, for in each of those cases [2] the facts show that actual services were ren-

---

[2] *Cohen v. Commissioner*, 31 Fed. (2d) 874; *Grace Johnson Munroe*, 32 B. T. A. 995; *Anna E. Riley*, 29 B. T. A. 160; petition for review dismissed, 70 Fed. (2d) 1013; *Oscar Mitchell*, 27 B. T. A. 101; *Samuel Rottenberg*, 20 B. T. A. 589; *Jascha Heifetz*, 15 B. T. A. 410; *Estate of K. Threefoot*, 9 B. T. A. 499; *McCoy-Brandt Machinery Co.*, 8 B. T. A. 909; *Lillian M. Goldsmith*, 7 B. T. A. 151; *Alfred Le Blanc*, 7 B. T. A. 256.

dered by an employee in the operation of the taxpayer's business and that such services were related to the production of the income from which the claimed deduction was sought as compensation paid or incurred.

We conclude that the expense in question was not an "ordinary and necessary" expense of petitioner's business within the meaning of section 23 (a), *supra*, but was a personal expense and, therefore, not deductible from petitioner's gross income as provided by section 24 (a), *supra*. Cf. *Robert S. Seese*, 7 T. C. 925.

The respondent's determination is approved.

*Decision will be entered for the respondent.*